UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Dale Aten,<br><br>              Plaintiff,<br><br>v.<br><br>Richland County, John Doe, Architects, Contractors, and Subcontractors of the Alvin S. Glenn Detention Center, the Administrator of the Alvin S. Glenn Detention Center, and the South Carolina Department of Corrections,<br><br>              Defendants. | C/A No.: 5:16-cv-03614-PMD-KDW<br><br>ORDER |

Currently pending is Plaintiff's Motion to Reconsider the court's February 2, 2017 order. ECF No. 36. In the Order, the court denied Plaintiff's Motions for Discovery, ECF Nos. 19, 20, as moot. ECF No. 30. In his current Motion, Plaintiff maintains that Defendants have not been entirely forthcoming with discovery and though Defendants have "offered come information, it is mostly insignificant." *See id.* Plaintiff takes issue with the video evidence that Defendants produced, arguing that he is not in the footage and indicating he is convinced that "certain cameras would have recorded [his] initial injury." *Id.* Additionally, Plaintiff argues that "the administrator of Alvin S. Glenn should have ready knowledge of the architect(s), contractor(s) and subcontractor(s) who constructed this facility, and "[t]hese parties need to be named as defendants in this suit." *Id.*

On February 27, 2017, Defendants Richland County and the Administrator of Alvin S. Glenn responded to Plaintiff's Motion. ECF No. 38. There, concerning Plaintiff's allegation that Defendants have not been forthcoming with video evidence these Defendants represent:

> Although there are cameras at numerous locations throughout the Detention Center, the recordings are regularly overwritten in the normal course of business.

> The only videos that remain relative to this event depict the time period leading up to the two detainees popping their sprinkler and a few minutes after. The other video is video shot during an aborted attempt at extracting the two detainees from their cell. The videos were preserved for purposes of prosecuting disciplinary proceedings against the two detainees that broke the sprinkler. These videos were produced to Plaintiff. Video beyond that relevant to the disciplinary proceeding was not preserved because Defendants had no notice of any alleged injury until a complaint was filed nearly two years after the alleged fall. Thus, Defendants have produced all video in their possession that is even arguably relevant to this case.

*Id.* at 2. Regarding the second category of discovery at issue, these Defendants represent they "have already produced the identity of the architect and general contractor that were involved in the construction of the portion of the Detention Center at issue in this case." *Id.* at 3. To the extent Plaintiff requested "every document relevant to the design or construction of the Detention Center," these Defendants objected to Plaintiff's request as "overly broad, unduly burdensome, [] wholly irrelevant to the instant matter, and [] disproportionate to the needs of this case." *Id.* Defendant South Carolina Department of Corrections responded to Plaintiff's Motion on February 27, 2017, and represent that it has responded to all of Plaintiff's discovery requests. ECF No. 39.

The undersigned has reviewed the Requests for Production ("RFPs") and the Responses to it. *See* ECF Nos. 38-1, 39-1. It appears that all Defendants have provided responses to Plaintiff's requests to the extent the RFPs are related to the incident and to the extent the documentation is in Defendants' possession. Therefore, Plaintiff's Motion to Reconsider, ECF No. 36, is denied.

On February 8, 2017, Plaintiff filed what appears to be a notice of appeal of this action to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). *See* ECF No. 37. Though Plaintiff filed this notice with our district court, there is no indication that Plaintiff filed

an appeal with the Fourth Circuit. In any event, Plaintiff is advised that should he appeal the order concerning his discovery issues, the appeal would likely be dismissed. The Fourth Circuit's appellate jurisdiction "extends only to appeals from 'final decisions' of the district courts, 28 U.S.C.A. § 1291 (West 1993); *see TechnoSteel, LLC v. Beers Constr. Co.,* 271 F.3d 151, 154 (4th Cir. 2001), [and a decision is 'final'] if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255 (4th Cir. 2002) (certain internal citations omitted). The court's decision concerning Plaintiff's Motion to Compel discovery does not finally decide this case on the merits and would not amount to a final decision for which the Fourth Circuit would have jurisdiction.

    IT IS SO ORDERED.

March 24, 2017                                                          Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge