IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bryan Dale Aten, | ) C/A No. 5:16-03614-PMD-KDW |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| Richland County; John Doe Architects, Contractors, and Subcontractors of the Alvin S. Glenn Detention Center, Individually and/or in his Official Capacity; M.B. Khan Construction Company, individually and/or in its official capacity; the Administrator of the Alvin S. Glenn Detention Center, individually and/or in its official capacity; and the South Carolina Department of Corrections, | ) |
| Defendants. | ) |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging Defendants violated his constitutional rights. This matter is before the court on Defendant M.B. Khan Construction Company's ("Defendant M.B. Khan") Motion to Dismiss pursuant to Rule 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure or, alternatively, Defendant M.B. Khan's Motion for Summary Judgment pursuant to Rule 56. ECF No. 56. Plaintiff filed a Response to Defendant M.B. Khan's Motion on June 16, 2017, ECF No. 68, and Defendant M.B. Khan filed a Reply on June 16, 2017, ECF No. 69. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this Motion is dispositive, a Report and Recommendation is entered for the court's review.

I. Background

Initially, Plaintiff filed this matter in the Court of Common Pleas for the Fifth Judicial Circuit on October 13, 2016. ECF No. 1-1. There, he brought suit against several Defendants, including "John Doe" Contractors and Subcontractors of the Alvin S. Glenn Detention Center. *See id.* Later, Defendant SCDC removed the action to federal court on the basis that Plaintiff was attempting to bring claims that arise under federal law. *See* ECF No. 1. Currently, Defendants M.B. Khan; Richland County; the Administrator of the Alvin S. Glenn Detention Center; and SCDC are parties to this action. Though Plaintiff named other John Doe Defendants, none have appeared, and the docket does not indicate that Plaintiff has properly served them.

On April 19, 2017, Defendant Stevens & Wilkinson Inc., previously identified as John Doe Architects of the Alvin S. Glenn Detention Center, filed a Motion to Dismiss. ECF No. 48. After Plaintiff failed to timely respond to the Motion, the undersigned recommended granting the Motion to Dismiss based on Plaintiff's failure to prosecute. ECF Nos. 50, 64, 74. On July 20, 2017, the district court adopted the undersigned's June 29, 2017 R&R, thereby dismissing Defendant Stevens & Wilkinson as a party to this action. ECF No. 78.

In his Complaint, Plaintiff alleges he slipped and fell after being instructed to jump over water that had flooded into his cell. *See* ECF No. 1-1 at 1-2. Plaintiff maintains he suffered several injuries as a result of the fall and became unable to work in his job assignment. *Id.* at 2. Plaintiff brings a total of seven causes of action that are all directed at different Defendants. *See id.* at 3-6. As these claims could possibly pertain to Defendant M.B. Khan, Plaintiff directs his second cause of action at "[t]he Contractors responsible for the implementation, construction and/or installation of the Alvin S. Glenn Detention Center. . . ." *Id.* at 3-4. In his third cause of action, Plaintiff bring suit against "[t]he Subcontractor responsible for the implementation or construction of said plumbing and/or [] concrete [and] failed to ensure that the design or that the

construction was in compliance with said blueprint and/or local, state or Federal Law and/or regulations. . . ." *Id.* at 3. Plaintiff seeks damages "sufficient to correct by treatment and surgery in the way of compensatory damages." *Id.* at 7. Additionally, he seeks $250,000 in punitive damages, costs, and legal expenses. *Id.*

II. Standard of Review

A defendant may challenge the sufficiency of service of process and seek dismissal of a case under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Failure to properly serve the summons and complaint deprives the court of personal jurisdiction over a defendant. *See Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *see also* Fed.R.Civ.P. 12(b)(5).

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

III. Analysis

In its Motion for Summary Judgment, Defendant M.B. Khan argues it was not a general contractor or a subcontractor of the Alvin S. Glenn Detention Center. ECF No. 56-1 at 2.[1] Initially, Defendant M.B. Khan maintains that Plaintiff's Complaint fails to state any cause of action specifically against it; rather, Plaintiff names several John Doe Defendants, making broad claims against them. *Id.* at 2-3. Furthermore, Defendant M.B. Khan argues that Plaintiff mistakenly believes that it was somehow a John Doe Contractor, when it never designed, supervised, or performed work as a general contractor or subcontractor. *Id.* at 3. Therefore, Defendant M.B. Khan seeks summary dismissal. *See id.*

---

[1] Though Defendant M.B. Khan has appeared and filed an answer in this matter, *see* ECF No. 46, it first argues that Plaintiff failed to comply with Rule 4 when he served it with his Summons and Complaint. ECF No. 1-2. Rather than addressing Defendant M.B. Khan's service argument, to promote judicial efficiency the undersigned will address the merits of its summary judgment argument because Plaintiff would likely be given the opportunity to cure any service defect should the undersigned render a recommendation concerning that argument in Defendant M.B. Khan's Motion to Dismiss.

In his Response, Plaintiff maintains the cause of the flooding was the fire sprinkler system.[2] ECF No. 68 at 1. Further, Plaintiff represents that "Alvin S. Glenn identified M.B. Khan Construction Company. . . . per Discovery item A." *Id.* at 2. Plaintiff argues that Defendant M.B. Khan is "exceptionally well versed" on laws related to building codes and construction. *Id.* Further, Plaintiff believes that Defendant M.B. Khan is in possession of certain documents that "prove vital to this case." *Id.* Plaintiff argues that Defendant M.B. Khan "does not deny involvement with the implementation and completion of the fire sprinkler system." In his conclusion, Plaintiff asks the court not to dismiss Defendant M.B. Khan because though it may not be "directly responsible" it still has vital information. *Id.* at 3.

In its Reply argument, Defendant M.B. Khan maintains that it was improperly identified by a co-defendant, and evidence it provided will indicate that it did not serve as a general contractor or subcontractor during the construction of the Alvin S. Glenn Detention Center. ECF No. 69 at 1. Further, Defendant M.B. Khan argues that in responding to a summary judgment motion, the non-moving party must demonstrate a genuine issue of material fact exists with more than just allegations or denials. *Id.* at 1-2. Moreover, Defendant M.B. Khan represents that Plaintiff's argument that it has not denied involvement in the "implementation and completion of the fire sprinkler system . . . is patently wrong." *Id.* at 2. Concerning Plaintiff's argument that it has relevant discovery information, Defendant M.B. Khan argues that "[t]here are discovery mechanisms available to the Plaintiff to develop his case outside of holding M.B. Khan in the case." *Id.* at 2-3.

---

[2] Plaintiff also indicates that the flooding was caused by inmates located on the tier above Plaintiff who had "engaged the fire sprinkler in their cell." ECF No. 68 at 1.

In order to prevail at trial upon its claim of negligent construction, Plaintiff would have to show the following by a preponderance of the evidence: (1) a duty of care owed by Defendant M.B. Khan to him; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach. *Stonehenge Eng'g Corp. v. Employers Ins. of Wausau*, 201 F.3d 296, 303 (4th Cir. 2000) (referencing *South Carolina Ins. Co. v. James C. Greene & Co.,* 348 S.E.2d 617, 620 (S.C. 1986)). In order to prevail at trial upon a claim of breach of implied warranty to perform work in a careful, diligent, and workmanlike manner, Plaintiff would have to prove that Defendant M.B. Khan did not construct the Alvin S. Glenn Detention Center in a careful, diligent, and workmanlike manner. *See id.*

In support of its Summary Judgment Motion, Defendant M.B. Khan submits the affidavit of William W. Cram, Executive Vice President of M.B. Khan Construction Company. ECF No. 56-2 at ¶ 1. Cram attests that in his role he "had a direct role in the supervision of services provided by [Defendant] M.B. Khan to Richland County related to the Alvin S. Glenn Detention Center." *Id.* at ¶ 2. Further, Cram avers that Defendant M.B. Khan did not act as a general contractor or a subcontractor for the Alvin S. Glenn Detention project. *Id.* at ¶¶ 3-4. Rather, Cram represents that LPS Construction Company was the general contractor. *Id.* at ¶ 5. Concerning Defendant M.B. Khan's role in the project, Cram attests that Richland County retained Defendant M.B. Khan to perform the limited task of reporting on work done on the project because "Richland County was having trouble with the completion of the project by LPS Construction Company. . . ." *Id.* at ¶ 6. Cram further represents that Defendant M.B. Khan had no involvement in the design of the building and did not supervise any general contractor or subcontractor employees. *Id.* at ¶¶ 7-9. Thus, Cram maintains Defendant M.B. Khan was improperly identified as a general contractor on the job. *Id.* at ¶ 10.

In order to prevail on a construction defect claim, Plaintiff must demonstrate that Defendant M.B. Khan performed construction work or acted as a contractor or subcontractor on the Alvin S. Glenn Detention Center project. In his filings with the court and in his Response to the pending Motion, Plaintiff makes mere allegations and does not present the court with any evidence indicating that Defendant M.B. Khan was involved in the construction of the project in a manner other than reporting on work completion. Therefore, Plaintiff cannot defeat this Summary Judgment Motion. Fed. R .Civ. P. 56(e) (allowing the court to grant summary judgment "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact. . . ."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (finding that Rule 56(e) requires the party opposing a properly supported motion for summary judgment not to rest upon the mere allegations or denials of his pleading and set forth specific facts showing that there is a genuine issue for trial); *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). Accordingly, the undersigned recommends granting Defendant M.B. Khan's Motion for Summary Judgment and dismissing it as a party to this action.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant M.B. Khan's Summary Judgment Motion, ECF No. 56, be GRANTED and Defendant M.B. Khan be dismissed as a party to this action.

IT IS SO RECOMMENDED.

October 10, 2017  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**