# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Brian Dale Aten, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 5:16-cv-3614-PMD-KDW |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Richland County; John Doe Architects, ) | |
| Contractors, and Subcontractors of the ) | |
| Alvin S. Glenn Detention Center, ) | |
| individually and/or in his Official Capacity; ) | |
| M.B. Kahn Construction Company, ) | |
| individually and/or in its official capacity; ) | |
| and the South Carolina Department of ) | |
| Corrections, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff's objections to Magistrate Judge Kaymani D. West's Report and Recommendation ("R & R") (ECF Nos. 113 & 95). In her R & R, Magistrate Judge West recommends granting Defendant M.B. Kahn Construction Company's motion for summary judgment. For the reasons stated herein, the Court overrules Plaintiff's objections, adopts the R & R, and grants Defendant's motion for summary judgment.

## BACKGROUND

This 42 U.S.C. § 1983 action arises out of an incident that occurred at the Alvin S. Glenn Detention Center. Plaintiff alleges that he slipped and fell after being instructed to jump over water that had flooded into his cell and that he suffered several injuries as a result. He alleges that the flooding in his cell was the result of defective construction at the Alvin S. Glenn detention center, and brings various causes of action against Richland County, the architects, contractors, and

subcontractors who worked on the detention center, the South Carolina Department of Corrections, and M. B. Kahn.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

The Magistrate Judge recommends that the Court grant Defendant's motion for summary judgment because there is no genuine issue of material fact. Specifically, the Magistrate Judge concluded that Plaintiff had failed to provide evidence that showed Defendant had performed any work on the detention center, which completely undermines each of Plaintiff's causes of action. Plaintiff makes several objections to the R & R, as well as a request to the Court, but none of those objections provide any evidence showing that Defendant actually performed work on the detention center.

Plaintiff first argues that he should be permitted to retain Defendant in the case until the detention center properly identifies the contractors and subcontractors that did actually perform construction work on the detention center. That is plainly improper. If Defendant is entitled to summary judgment because it did not perform any of the construction work at the detention center, then the detention center's failure to identify the contractors that actually performed the construction work does not operate to preclude Defendant's motion for summary judgment.[1] Plaintiff's remedy for the allegedly improper identification is against the detention center, not Defendant.

Next, Plaintiff takes issue with William Cram's affidavit in support of Defendant's motion for summary judgment. More specifically, Plaintiff argues that Cram has not stated what services Defendant provided to the detention center. Cram is an executive vice president at M.B. Kahn, and he does in fact aver in his affidavit that M.B. Kahn's role with the detention center's construction was limited to reporting to Richland County as to what work has been performed by others. Cram's affidavit is uncontested evidence of Defendant's limited role as a reporter on the

---

1. In addition, Defendant has even assuaged Plaintiff's concerns by stating that LPS Construction Company was the general contractor for the detention center construction.

3

construction work at the detention center. Because Defendant did not actually perform any of the work that Plaintiff alleges is responsible for his injuries, Plaintiff has failed to raise a genuine issue of material fact sufficient to defeat Defendant's motion.

Finally, Plaintiff requests permission to file sanctions against counsel for the detention center, and states that he has asked the detention center's counsel what project Defendant was involved in, but that the detention center's counsel has not responded. To the extent Plaintiff wishes to impose sanctions against the detention center or its counsel, he needs to do so by filing the appropriate motion under Rule 11 of the Federal Rules of Civil Procedure. The Court will consider such a request only if it is in the proper form, and expresses no opinion as to whether such a motion is advisable or meritorious.

As recognized by the Magistrate Judge, Plaintiff has failed to raise a genuine issue of material fact sufficient to defeat Defendant's motion for summary judgment. Accordingly, that motion is granted.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 13, 2017**
**Charleston, South Carolina**