# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Brian Dale Aten, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 5:16-cv-3614-PMD-KDW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Richland County; Administrator of the | ) | |
| Alvin S. Glenn Detention Center; South | ) | |
| Carolina Department of Corrections; and | ) | |
| Wallace H. Wiggins, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Brian Aten's objections to United States Magistrate Judge Kaymani D. West's report and recommendation ("R & R") (ECF Nos. 178 & 174). The Magistrate Judge recommends that Defendants' motions for summary judgment should be granted.[1] For the reasons stated herein, the Court overrules Plaintiff's objections and adopts the R & R.

## PROCEDURAL HISTORY

The Magistrate Judge issued her R & R on July 3, 2018. Plaintiff filed his objections to the R & R on July 17, and Defendants did not file a reply. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to

---

1. For purposes of this Order, the Court will refer to all defendants except Wallace H. Wiggins, Jr. as "Defendants." Wiggins has not yet filed a dispositive motion.

the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Pro se filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

Plaintiff alleges that while in custody after his conviction, he slipped and fell on a wet floor at the Alvin S. Glenn Detention Center when he was told by an unnamed corrections officer to jump over the water on the floor. Plaintiff further alleges that he was not provided medical care for the fall at the ASGDC before he was transferred to the custody of the South Carolina

2

Department of Corrections, and that he was removed from his cell at the ASGDC by two officers who dragged him to be transported to SCDC custody.

Plaintiff makes ten objections to the Magistrate Judge's R & R, which the Court addresses in order. First, Plaintiff generally objects to the Magistrate Judge's treatment of the facts and her finding that there were no genuine issues of material fact. Liberally construed, Plaintiff might be objecting to the fact that he never deposed Officers Bowman and Dotson as to whether they were ordered to remove him by a superior officer. As stated by the Magistrate Judge, any failure to depose those officers is entirely of Plaintiff's own making because he refused to pay for the required court reporter. He has also failed to request their testimony by any other means, and never petitioned the Court for funds. Accordingly, Plaintiff's first objection is overruled.

Plaintiff's second objection is incomprehensible, but seemingly addresses the Magistrate Judge's conclusion that the only reasonable inference here is that Plaintiff's alleged slip and fall incident took place at a South Carolina Department of Corrections facility and not at the Alvin S. Glenn Detention Center. Plaintiff appears to dispute that conclusion on the basis that Officers Bowman and Dotson removed him on the day he was transported. The Court agrees with the Magistrate Judge that the lack of any evidence showing that Plaintiff's injury occurred at the ASGDC, coupled with the evidence of an injury at the SCDC facility, leads to the inescapable conclusion that Plaintiff's allegations actually relate to his injury at the SCDC facility. In any event, Plaintiff has not pointed to any evidence that calls the Magistrate Judge's conclusion into question, and the Court overrules Plaintiff's second objection.

Third, Plaintiff objects to the Magistrate Judge's reference to his allegations as self-serving and unverified. The Court sees no error in that characterization and overrules that objection. Fourth, Plaintiff objects to the Magistrate Judge's conclusion that there was a lack of evidence of

his slip and fall accident. According to him, the enormous differences between the parties' accounts and his timely and accurate complaint are sufficient to call that conclusion into doubt. Here, Plaintiff again fails to point to any specific evidence that would undermine the Magistrate Judge's conclusion. Moreover, the Magistrate Judge noted that Plaintiff's complaint was not verified, and the allegations therein are thus not entitled to the same weight as allegations set forth in a verified complaint.

Fifth, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff had failed to present sufficient evidence to state a claim for a due process violation based on his request for medical care. However, rather than specify how the Magistrate Judge erred, Plaintiff launches into a narrative complaint about his condition and the purported disappearance of Officers Bowman and Dotson. The Court has already addressed the Bowman and Dotson issue above, and the remainder of the narrative is not a specific objection to the R & R and is accordingly overruled. *See Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("Frivolous, conclusive or general objections need not be considered by the district court.")

Plaintiff's sixth, seventh, and eighth objections relate to his inability to discover evidence from Officers Bowman and Dotson. As set forth in the R & R, the Magistrate Judge extended discovery specifically for the purpose of allowing Plaintiff to conduct their depositions. Nonetheless, Plaintiff declined to do so. Accordingly, any failure to obtain discovery from the officers is his own. As for the video evidence Plaintiff references, the Magistrate Judge noted that no such evidence has ever been presented to the Court, and none accompanies his objections. Accordingly, having had no opportunity to review such evidence, the Court cannot make any determinations based on it. Finally, Plaintiff asserts that his inability to pay for depositions is irrelevant because Defendants could have taken those depositions themselves. Plaintiff

4

misapprehends the nature of summary judgment in this situation. Defendants have already provided evidence supporting their motion for summary judgment, and are not obligated to depose witnesses Plaintiff asserts are important. As found by the Magistrate Judge, Defendants have already set forth sufficient evidence to support of their motion for summary judgment without the depositions. Plaintiff now bears the burden of introducing contrary evidence, and has failed to meet that burden. Accordingly, those objections are overruled

Plaintiff's ninth and tenth objections are not specific and do not even reference the R & R. Accordingly, they are overruled. *See Anderson*, 627 F. Supp. 2d at 623.

Having addressed and overruled all of Plaintiff's objections, the Court also reviewed the remainder of the R & R for clear error and found none. Accordingly, Defendants' motions for summary judgment are granted.

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R & R, and **GRANTS** Defendants' motions for summary judgment.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 29, 2018**
**Charleston, South Carolina**

5