IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Brian Dale Aten, | ) | Case No. 5:16-cv-03614-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wallace H. Wiggins, Jr., Owner of LPS Construction Company, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 186. Plaintiff filed Responses in Opposition, a letter, and CDs and DVDs. ECF Nos. 190, 191, 192. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On March 7, 2019, the Magistrate Judge issued a Report recommending that Defendant's Motion for Summary Judgment be granted. ECF No. 195. Plaintiff filed objections to the Report. ECF No. 198.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff's claims stem from his time as an inmate at the Alvin S. Glenn Detention Center ("the Detention Center"). He alleges that, after his conviction, he slipped and fell on the wet floor when a housing officer told him to jump over the water. He contends he suffered injuries from the fall. Several defendants and causes of action have already been dismissed in this case.

Plaintiff's remaining claims include allegations that the architects improperly designed the Detention Center in a way that permitted flooding and failed to include adequate drains or slip-proof floors; that the contractors who built the Detention Center improperly followed blueprints with respect to drains and slip-proof floors; and that the subcontractor failed to construct the fire sprinklers, plumbing, and concrete. The Magistrate Judge recommends granting summary judgment with respect to Plaintiff's claims because he has failed to establish that Defendant negligently constructed the Detention Center.

Plaintiff objects to the Report and reiterates that his claims and the videos he provided demonstrate that the Detention Center was negligently constructed and did not allow for proper drainage. Plaintiff contends that the Magistrate Judge misstated several facts, including where the water originated from, how much water was on the floor, and that employees of the Detention Center can be seen attempting to address the problem.[1] Plaintiff also generally objects to the way this case has been handled.

The Court has conducted a de novo review of the record, including the evidence produced by Plaintiff; the applicable law; and the Report of the Magistrate Judge. Having done so, the Court agrees with the recommendation of the Magistrate Judge that the Motion for Summary Judgment be granted. As explained by the Magistrate Judge, to prevail on his claim of negligence, Plaintiff would have to show the following by a preponderance of the evidence: (1) a duty of care owed by Defendant to him; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach. *Stonehenge Eng'g Corp. v. Emp'rs Ins. of Wausau*, 201 F.3d 296, 303 (4th Cir. 2000) (citing *South Carolina Ins. Co. v. James C. Greene & Co.*, 348 S.E.2d 617, 620 (S.C. 1986)). "[T]o prevail at trial upon a claim of breach of implied warranty to perform work in a careful, diligent, and workmanlike manner, [Plaintiff] would have to prove that [Defendant] did not construct the [Detention Center] in a careful, diligent, and workmanlike

---

[1] Plaintiff also contends that he did not receive the Report in time to complete his objections before they were due. He states that he received the Report on April 1, 2019, and the Court filed his objections on April 22, 2019. In light of his allegations that he did not receive the Report for several weeks, the Court has considered his objections as timely filed.

manner." *Id*. Viewing all evidence in the light most favorable to Plaintiff, he has not created a genuine issue of material fact with respect to whether Defendant negligently constructed the Detention Center. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations, without more, are insufficient to preclude the granting of summary judgment).

## CONCLUSION

Accordingly, the Court adopts the Reports of the Magistrate Judge and overrules Plaintiff's objections. Defendant's Motion for Summary Judgment [186] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 16, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.